UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRICE PONDER,

          Plaintiff,                             Case No. 2:25-13474
                                            District Judge Linda V. Parker

v.                                        Magistrate Judge Anthony P. Patti

BCG EQUITIES, LLC.,

          Defendant.

_____/

## OPINION AND ORDER STRIKING ALL PENDING MOTIONS, SETTING ASIDE THE CLERK'S ENTRY OF DEFAULT, SETTING DEADLINE FOR FILING RESPONSIVE PLEADING, AND ISSUING CAUTION ABOUT GENERATIVE AI

**I.    Background**

Plaintiff Tyrice Ponder, proceeding *in pro per*, initiated this case on October 31, 2025, asserting one claim against Defendant BCG Equities, LLC under the Fair Credit Reporting Act (15 U.S.C. § 1681). (ECF No. 1.) Plaintiff also filed an application to proceed without prepaying fees or costs, which was granted on November 3, 2025. (ECF No. 5.) A summons was issued and the U.S. Marshal was ordered to complete service of process. (ECF No. 6 & 8.) Judge Linda V. Parker referred the matter to me "for all pretrial proceedings, including a hearing and determination of all non−dispositive matters pursuant to 28 U.S.C. §

636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)." (ECF No. 7, PageID.16.)

The U.S. Marshal Service sent a copy of the summons and complaint via certified mail to "BCG Equities, LLC, 225 South Executive Dr., Brookfield, Wisconsin 53005." (ECF No. 10.) The "green card" related to the certified mail was signed as received by an individual named "Renee E----" (illegible), and filed on the docket on December 15, 2025. (ECF No. 10.) The boxes next to her name for "Agent" or "Addressee" are not checked. (*Id.*) Below the signature, in the section for a printed name of recipient, there is nothing included. Likewise, no date is written on the green card. (*Id.*)

Plaintiff filed a request for clerk's entry of default on December 31, 2025 (ECF No. 11), which was denied on the same day because: "Clerk unable to verify service executed in accordance with Fed. R. Civil P. 4, No date Included." (ECF No. 12.) Plaintiff then filed a second request for clerk's entry of default, this time attaching a printed record from the United States Postal Service, indicating that the documents were received by an individual on December 8, 2025. (ECF No. 13.) The request was granted and a clerk's entry of default was entered on January 6, 2026. (ECF No. 14.)

The next day, on January 7, 2026, Defendant filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim (ECF No. 15) and Plaintiff filed

a motion for default judgment (ECF No. 19).  For some reason, Plaintiff filed a second motion for default judgment five days later.  (ECF No. 21.)  Defendant has not responded to either motion for default judgment, but instead filed a motion to set aside the entry of default on January 13, 2026.  (ECF No. 22.)

Plaintiff has filed a response to the motion to dismiss, arguing that it is procedurally improper due to the entry of a clerk's entry of default, as well as a response to the motion to set aside the clerk's entry of default.  (ECF Nos. 20, 24.)

## II.  E.D. Mich. LR 7.1

For the reasons stated below, all of the pending motions (ECF Nos. 15, 19, 21, 22) are **HEREBY STRICKEN** from the docket of this court for failure to comply with the Local Rules.

With respect to filing motions, the Local Rules of the Eastern District of Michigan require that, the "movant must ascertain before filing whether the contemplated motion . . .  will be opposed."  E.D. Mich. LR 7.1(A)(1).  The rule further provides:

> To accomplish this, the movant must confer with the other parties and other persons entitled to be heard on the motion in good faith and in a manner that reasonably explains the basis for the motion and allows for an interactive process aimed at reaching agreement on the matter or those aspects of the matter that can be resolved without court intervention, given the nature of the contemplated motion. The conference must be held sufficiently in advance of filing the motion to allow a good faith interactive exchange aimed at resolving the matter. If the movant obtains concurrence, the parties or other persons involved may make the subject matter of the contemplated motion or request a matter of record by stipulated order.

3

*Id.* If, after the conference, concurrence is not obtained, the motion must contain a statement detailing the efforts made to conduct the conference and obtain concurrence. *See* E.D. Mich. LR 7.1(2).

None of the pending motions comply with this rule. The motions contain no statements whatsoever in compliance with Rule 7.1. As Judge Lawson of this Court has explained, "The Oxford English Dictionary defines a 'conference' as 'the action of bringing together' or 'meeting for conversation.' [citations omitted] The idea behind the rule requiring opposing counsel to 'meet[] for conversation,' of course, is to stimulate discussion about the dispute that is the subject of the motion in order to attempt a resolution that would not require court intervention." *See Bridgewater v. Michigan Gaming Control Board*, Case No. 16-10782 (ECF No. 16, PageID.122.)

Here, had any of the parties sought concurrence before filing their motions, they should have been able to narrow the areas of dispute, streamline the litigation, and avoid an unnecessary delay in the case as the Court took the motions under review. The Local Rules provide that the Court "may impose sanctions for unreasonable withholding of consent and for violating this rule, which may include taxing costs and attorney's fees, denying the motion, *and striking the filing*." E.D. Mich. LR 7.1(a)(3). The Court finds the appropriate remedy in this case is to strike the filings without prejudice to a party's good faith ability to re-file any

supportable motion after complying with the local rules.  In this case, for the reasons stated below, there currently exists no supportable basis to file a motion for clerk's entry of default or default judgment, but Defendant may re-file its motion to dismiss.

## II.  Clerk's Entry of Default

Upon review of the docket, the clerk's entry of default (ECF No. 14), is **HEREBY SET ASIDE** because Defendant was not properly served.

Plaintiff purports to have served Defendant through certified mail, relying upon a partially completed "green card" to prove valid service.  (ECF No. 13.) Setting aside the irregularities (i.e., the missing portions) in the green card itself, service was also substantively improper. Defendant in this case is a limited liability company ("LLC").

Federal Rule of Civil Procedure 4(h) governs service of a "domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name[.]"  Such entities must be served:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

5

Fed. R. Civ. P. 4(h)(1).  Under Rule 4(e), service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  Service here was attempted in Wisconsin, thus service must be proper under Wisconsin or Michigan law. Wisconsin does not allow for service by mail on a limited liability company. *See* Wis. Stat. § 801.11(5).  Michigan law provides that "[s]ervice of process on a limited liability company may be made by:

> (1) serving a summons and a copy of the complaint on the managing member, the non-member manager, or the resident agent;
>
> (2) serving a summons and a copy of the complaint on a member or other person in charge of an office or business establishment of the limited liability company *and* sending a summons and a copy of the complaint by registered mail, addressed to the registered office of the limited liability company.
>
> (3) If a limited liability company fails to appoint or maintain an agent for service of process, or service under subsections (1) and (2) cannot be accomplished through the exercise of reasonable diligence, service of process may be made by delivering or mailing by registered mail to the administrator (pursuant to MCL 450.4102[2][a]) a summons and copy of the complaint.

Mich. Ct. R. 2.105 (emphasis added).  Plaintiff has not met any of these requirements.

"Courts within this district have consistently held that service of an LLC via certified or registered mail alone is not sufficient to meet the requirements of Rule 4."  *Better Made Snack Foods, Inc. v. IVP Holdings LLC*, No. 24-10783, 2025 WL

1098566, at *1 (E.D. Mich. Apr. 14, 2025) (Behm, J.) (citing *Rock v. Sillman Law Office*, 2024 WL 2925305, *2 (E.D. Mich. June 10, 2024) (citing *Leib v. Nestle' Purina Petcare Co*., 2023 WL 4494343, at *2 (E.D. Mich. July 12, 2023) ("[N]either the Federal Rules of Civil Procedure nor the Michigan Court [R]ules allow for service on a limited liability company via registered mail in the first instance."); *Cin. Ins. Co. v. Omega Elec. & Sign Co*., 652 F. Supp. 3d 879, 883 (E.D. Mich. 2023) ("Certified mail is not sufficient service of process on ... an LLC under the Federal Rules of Civil Procedure or the Michigan Court Rules.")); *Temple v. Sector 7 LLC*, 730 F.Supp.3d 681, 683 (E.D. Mich. 2024) (Where the record did not indicate that the plaintiff personally served the defendant LLC with the summons and complaint, service of process was insufficient under Michigan and federal law)).

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003) (abrogated on other grounds by *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022)).  Before default may be entered against a party, the court must have personal jurisdiction over that party, which requires that the party has been properly served with the summons and complaint. *Broadcast Music, Inc. v. Timbers Bar and Grill of Ludington*, 2019 WL

7

5697988, *2 (W.D. Mich. June 3, 2019) (citing 10A Charles A. Wright, Arthur R. Miller, and Mary K. Kane, Federal Practice and Procedure § 2682 (4th ed. 2016)).

There is no indication that Plaintiff served Defendant through anything other than certified or registered mail, and there is no indication that the summons was received by a registered agent.  Service of process is therefore improper under Wisconsin, Michigan, and Federal Law.  *Cin. Ins. Co.*, 652 F. Supp. 3d at 883 ("Mailing must be accompanied by personal service of the agent. . . . Thus, as a matter of law, plaintiff insufficiently served [defendant] by sending process through certified mail."); s*ee also Temple*, 730 F. Supp. 3d at 682–83.

"Where a court determines that service of process is improper, it must set aside the entry of default, *O.J. Distributing*, 340 F.3d at 353, and may do so *sua sponte* for good cause."  *Better Made Snack Foods, Inc.*, 2025 WL 1098566, at *1 (citing *Broadcast Music, Inc.*, at *2 (citing Fed. R. Civ. P. 55(c); *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 386 (7th Cir. 2008) (district court had authority to set aside default *sua sponte* for good cause))).  I find that insufficient service of process is good cause for setting aside the default.  *See id.*

## III.    Caution Regarding The Use Of Generative Artificial Intelligence (AI)

Finally, the Court issues a caution about the use of generative artificial intelligence ("AI"). It appears from the briefing that one or both parties may be utilizing AI to draft their briefs. (*See,* e.g., ECF No. 20, PageID.71 (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) for a quotation and proposition that does not appear at the citation).) **The parties should take note**: AI cannot give legal advice, and, in many cases, its use in legal research has led to glaring misstatements of law and related sanctions awarded against <u>both attorneys and pro se litigants</u>. "At this point, it 'is no secret that generative AI programs are known to 'hallucinate' nonexistent cases, and with the advent of AI, courts have seen a rash of cases in which both counsel and *pro se* litigants have cited such fake, hallucinated cases in their briefs.'" *Seither & Cherry Quad Cities, Inc. v. Oakland Automation, LLC*, No. 23-11310, 2025 WL 2105286, at *1 (E.D. Mich. July 28, 2025) (Behm, J.) (quoting *Sanders v. United States*, 176 Fed. Cl. 163, 169 (2025)). AI chatbots "are designed to mimic patterns of words, probabilistically. When they are 'right,' it is because correct things are often written down in the dataset they were trained on, not because they can independently fact-check themselves in the same way a human would." *Id.* Indeed, French data scientist Damien Charlotin catalogued "at least 490 court filings" between May and October 2025 that contained hallucinations. "Mistake-Filled Legal Briefs Show the Limits of Relying on AI Tools at Work," The Detroit Legal News (Oct. 31, 2025) at 18.

9

Thus, the use of generative AI when drafting legal filings is a very risky practice, as *pro se* litigants and attorneys are still subject to the requirements of Fed. R. Civ. P. 11(b)(2) with respect to pleadings, motions and other documents they sign and submit to the Court; even in the absence of bad faith, Rule 11 sanctions for use of AI generated phantom cases may be warranted. *See Seither*, 2025 WL 2105286, at *2 (awarding sanctions); *see also Ali v. IT People Corp., Inc.*, No. 2:25-CV-10815, 2025 WL 2682622, at *3, *6 (E.D. Mich. Sept. 19, 2025) (Patti, M.J.) (awarding sanctions against *pro se* litigant for hallucinated legal citations and misstatements). The parties are **HEREBY SO WARNED**.

## IV.    Conclusion

For the reasons set forth above, all of the pending motions (ECF Nos. 15, 19, 21, 22) are **HEREBY STRICKEN** from the docket of this court for failure to comply with the Local Rules.

Additionally, the clerk's entry of default (ECF No. 14) is **SET ASIDE *sua sponte*** for good cause for improper service.

The case is ready to proceed.  At this stage, Defendant has waived any motion to dismiss based on personal jurisdiction or service of process by appearing and filing a Rule 12(b)(6) motion.  *See* Fed. R. Civ. P. 12(h) (waiving a motion under 12(b)(2)-(5) by omitting the argument in a Rule 12(b)(6) motion).  Thus, now that the clerk's entry of default has been set aside, Defendant must file a

responsive pleading.  Defendant is **DIRECTED** to file any answer, or a renewed motion under Rule 12(b)(6) (*after seeking concurrence as is required under the Local Rules),* on or before **August 14, 2026.**

       **IT IS SO ORDERED. [1]**

Dated:  July 27, 2026

                                      Anthony P. Patti
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).